Stephen K. LESLIE, Appellant,

and

ICA Construction Corporation; ICA Internacional; Empresas ICA; Sociedad Controladora, Creditors—Appellees,

v.

Brian HOLT, Appellee.

No. 02–15072.

D.C. No. CV–00–04719–SC.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2003.*

Decided Feb. 14, 2003.

Before TROTT, RYMER and TALLMAN, Circuit Judges.

MEMORANDUM**

Stephen K. Leslie appeals from the district court's December 12, 2001 order affirming the bankruptcy court's denial of Leslie's motion for reconsideration of the bankruptcy court's refusal to dismiss the Chapter 7 bankruptcy proceeding initiated by Leslie. We dismiss the appeal as moot.

Leslie concedes that the sole reason for seeking dismissal of his bankruptcy case—which is the only issue on appeal—is to pursue a separate lawsuit filed against ICA Construction Corporation (ICA). However, the bankruptcy trustee appointed to administer Leslie's bankruptcy estate settled the ICA litigation and that action has been dismissed with prejudice. No stay was obtained. Nevertheless, Leslie argues that his appeal is not moot because the matter appealed from is "capable of repetition, yet evading review," is of public interest, and will have collateral consequences. But there is no reasonable chance of his being subject to the same kind of order again. *See Pub. Utils. Comm'n v. Fed. Energy Regulatory Comm'n,* 100 F.3d 1451, 1460 (9th Cir. 1996) ("When resolution of a controversy depends on facts that are unique or unlikely to be repeated, the action is not capable of repetition and hence is moot."). Nor are other debtors likely to face anything similar. Finally, Leslie identifies no cognizable collateral consequences. As there is no effective relief to be granted, the appeal is moot.

APPEAL DISMISSED.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.